UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:25-CV-00946 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TYRONE ELLIS AND SHAKYRA ELLIS, | : | DECEMBER 23, 2025 |
|     Defendants. | : | |

**RULING ON MOTION FOR RECONSIDERATION (DOC. NO. 29)**

**I.    INTRODUCTION**

In this action, the plaintiff, AmGuard Insurance Company ("AmGuard"), sued the defendants ("Ellises") alleging one count of Negligence and one count of Breach of Contract stemming from a fire. See Amended Complaint ("Amd. Compl.") (Doc. No. 20). On November 19, in its Ruling on Motion to Dismiss the Amended Complaint (Doc. No. 28) ("Ruling"), the court granted the Ellises' Motion to Dismiss (Doc. No. 22).

On November 24, 2025, AmGuard filed a Motion for Reconsideration. ("Mot. for Rec.") (Doc. No. 29).

**II.    LEGAL STANDARD**

"The standard for granting a motion for reconsideration is strict." See Ricciuti v. Gyzenis, 832 F. Supp. 2d 147, 165 (D. Conn. 2011) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); see also D. Conn. Civ. R. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). The three primary grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citations omitted).

1

The court should only grant reconsideration "when the 'moving party can point to controlling decisions or data that the court overlooked' and 'that might reasonably be expected to alter the conclusion reached by the court.'" See Doe v. Winchester Bd. of Educ., No. 10-CV-1179, 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017) (citing Shrader, 70 F.3d at 256–57). Additionally, "[a] motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved." Id. (citing Pierce v. Lee, No. 3:08-CV-1721 (VLB), 2010 WL 4683911, at *1 (D. Conn. Nov. 4, 2010)).

### III. DISCUSSION

It appears that the defendants do not "like the way the original motion was resolved." Id. However, this court reviewed all relevant law and pertinent facts and briefings in reaching its conclusions in its Ruling on the Motion to Dismiss (Doc. No 28). AmGuard's Motion lacks any basis to reconsider, under the standard set forth above.

AmGuard's Motion for Reconsideration does not satisfy the stringent standard for reconsideration. Instead, the AmGuard simply asks the court to relitigate the merits of the Motion to Dismiss. See, e.g. Mot. for Rec. at 2 ("The Court erred when it mistakenly concluded that the Lease did not require Defendants to obtain insurance coverage for their negligent damage to the property. . . The Lease required the tenant obtain renters insurance for two district coverages.") (emphasis in original).

AmGuard makes two broad points in its Motion: first, that the court erred in its analysis of the Lease requiring insurance coverage; and second, that the court erred with regard to the argument that defendants were not put on notice by the Lease. See Mot. for Recon. at 2, 4. In making these arguments, AmGuard fails to point to any controlling law or evidence that the court overlooked in its initial Ruling with regard to

the points that AmGuard requests the court to readdress.[1] Further, AmGuard failed to include any facts or precedent that were not considered by the court in reaching its Ruling. Instead AmGuard simply reiterated the same arguments, repacked and restated, often drawing spurious conclusions the court already analyzed and rejected. For example, AmGuard states the "Court also erred" when it examined Paragraphs 5, 15, and 16 of the Lease, and AmGuard reiterated their same argument regarding notice to defendants damaging property. See Mot. for Recon. at 4. The court already, in detail, examined plaintiff's so-called support and determined that the cited paragraphs provided no support for the argument at hand and were cherry picked phrases with little relation to AmGuard's assertions.[2] See Ruling at 13-14. The court already warned counsel regarding cherry picking and miscategorization of alleged support. See Ruling at p. 14 no. 3. Now the same attorneys have wasted time reiterating the same argument with cherry picked evidence the court already rejected. If this type of litigation practice continues, sanctions are likely.

    The Motion, even if meeting the "strict" standard for review, offers the court nothing that would cause it to accept the merits of the AmGuard's arguments on the points that are addressed in the Motion for Reconsideration.

---

[1] AmGuard cites several controlling cases which the court already examined during its initial ruling. See Ruling at 7-12 (court comparing the contents of the lease at issue with the leases and decisions in Amica Mut. Ins. Co. v. Muldowney, 328 Conn. 428, 440 (2018) and Middlesex Mut. Assur. Co. v. Vaszil, 279 Conn. 28, 38 (2006)).

[2] Specifically, the court determined that paragraph 5 is a "simple prohibition to not damage the apartment" with "nothing to do with the allocation or risk of insurance coverage". See Ruling at 13. Paragraph 15 was a "cherry-picked quote [ ] from a paragraph regarding the removal of property at the end of a lease." Id. Paragraph 16 was under the heading "default" and "the entire subsections contained provisions about a defaulted lease, nothing about notice, subrogation, or insurance." Id. at 14.

3

## IV. CONCLUSION

For all the foregoing, the court DENIES AmGuard's Motion for Reconsideration.

**SO ORDERED.**

Dated at New Haven, Connecticut this 23rd day of December 2025.

                                           /s/ Janet C. Hall
                                           Janet C. Hall
                                           United States District Judge